IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN GONZALEZ HERNANDEZ,<br>　　　　　　　Petitioner | : | No. 3:26cv1220 |
| | : | |
| | : | (Judge Munley) |
| 　　v. | : | |
| | : | |
| WARDEN, PIKE COUNTY | : | |
| CORRECTIONAL CENTER; | : | |
| TODD LYONS, in his official | : | |
| capacity as Acting Director of | : | |
| U.S. Immigration and Customs | : | |
| enforcement; MARKWAYNE MULLIN, | : | |
| in his official capacity as Secretary | : | |
| of the United States Department of | : | |
| Homeland Security; and TODD | : | |
| BLANCHE, in his official capacity | : | |
| as Acting Attorney General of the | : | |
| United States, | : | |
| 　　　　　　Respondents | : | |

**MEMORANDUM ORDER**

Before the court is Juan Gonzalez Hernandez's petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).  Petitioner challenges his

present detention at the Pike County Correctional Facility ("Pike CCF") by the

Department of Homeland Security ("DHS"), Immigration and Customs

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Gonzalez Hernandez filed the instant petition while detained at a county prison in Pike County, Pennsylvania.  The petitioner asserts that his continued detention violates his Fifth Amendment right to due process.  He also asserts that the wrong provision of the INA is being used to justify his detention.  Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Enforcement ("ICE").  He argues that his detention under 8 U.S.C. § 1225(b)(2) is unlawful.  He also argues that he is entitled to release after not being afforded another bond hearing or custody redetermination over the last 11 months.

From the record, Gonzalez Hernandez has already received two bond hearings.  The only thing that has changed in Gonzalez Hernandez's circumstances is the passage of time since those determinations.  Petitioner does not challenge the constitutionality of those determinations themselves.  Thus, for the reasons set forth below, the court is legally obligated to deny the petition based on appellate precedent.

By way of brief background, the petitioner is a native and citizen of Mexico.  (Doc. 1, Pet. ¶ 11).  He entered the United States in 2004. Id. He is 38 years old.  (Doc. 4-2, Resp. Ex. 1).  According to DHS records supplied by the respondents in this matter, Gonzalez Hernandez was previously removed from the United States. (Doc. 4-2, Resp. Ex. 1).  The particular details of the prior removal are not of record.

With respect to Gonzalez Hernandez's present detention, he was arrested in February 2025 in Harford County, Maryland for violating a domestic violence protection order. Id.  The order was entered to protect Gonzalez Hernandez's ex-girlfriend who is also the mother of their teenage son.  (Doc. 4-14).  The State of Maryland alleges that Gonzalez Hernandez contacted the protected party

2

through their son to harass and intimidate her.  He was arrested and processed at the Harford County Jail.  His criminal charge in Maryland remains pending.

In February 2025, the Harford County Sheriff's Department had an agreement with ICE under Section 287(g) of the Immigration and Nationality Act, 8 U.S.C. § 1357(g).  Under the agreement, ICE officers took petitioner into custody from the local jail.  Petitioner was issued a Notice to Appear, charging him with violating 8 U.S.C. § 1182(a)(7)(A)(i)(I).  He was ordered removed from the United States by way of an immigration judge ("IJ") order dated June 16, 2025.  An appeal to the Board of Immigration Appeals ("BIA") remains pending.

Gonzalez Hernandez has been in immigration detention since February 2025, or approximately 16 months.  His detention actually predates the government's reinterpretation of 8 U.S.C. § 1225(b)(2)(A) and § 1226(a).  (Doc. 4, Resp. at 6, n.4).  That is, the petitioner received hearings under Section 1226(a) in May 2025 and July 2025.  Petitioner was denied bond on May 7, 2025, because the immigration judge found he was a "[d]anger to the community." (Doc. 4-5, Resp. Ex. 3A).  An IJ denied bond on July 2, 2025, because Gonzalez Hernandez had been ordered removed and had not presented any evidence of any "material change in circumstances in his favor." (Doc. 4-6, Resp. Ex. 3A).

3

Eleven months later, Gonzalez Hernandez now seeks immediate release through the instant habeas petition. Per the petitioner, his detention is governed by 8 U.S.C. § 1226(a). The court agrees. [2]

However, that is not the real issue in this case. Gonzalez Hernandez has already received two bond hearings under Section 1226(a) in 2025. He is really arguing that his due process rights are being violated by not being afforded another bond hearing. Therefore, the court must determine whether Gonzalez-Hernandez is entitled to further relief from detention based on the Due Process Clause.

The outcome of that inquiry is straightforward. In circumstances where a Section 1226(a) detainee: 1) has received a bond hearing and an opportunity to

---

[2] On behalf of the respondent, the United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment. Two appellate decisions align with the respondent's reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225(b). See Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); Cunha v. Freden, No. 25-3141-PR, --- F. 4th ----, 2026 WL 1146044, at *4, *14–23 (2d Cir. Apr. 28, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge). With respect to this matter, the court sees no reason to deviate from Lopez-Campos, Hernandez Alvarez, Cunha, or its prior decisions. As a result, Section 1226(a) applies to his detention, not Section 1225(b)(2)(A).

4

request a redetermination hearing based on changed circumstances; 2) does not challenge the adequacy of his initial bond hearing; 3) does not allege unreasonable delay by the government; and 4) relies solely on the duration of detention as the basis for relief, that detainee does not have a due process right to an additional bond hearing. Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212 (9th Cir. 2022).

Here, Gonzalez Hernandez has essentially provided the court with facts similar to Borbot and arguments that were previously unsuccessful.  Since Gonzalez Hernandez's circumstances and arguments mirror those in Borbot, the outcome must be the same.  His petition for habeas relief must be denied.

Consequently, for the reasons set forth above it is hereby **ORDERED** that:

1) Juan Gonzalez Hernandez's petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to **CLOSE** this case.

Date: 6/15/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

5